FILED

2012 AUG -1  PM 4:31

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  JOSEPH VAN EATON
   joseph.vaneaton@bbklaw.com
2  CHRISTOPHER M. PISANO, Bar No. 192831
   christopher.pisano@bbklaw.com
3  A MEMBER OF BEST BEST & KRIEGER LLP
4  300 South Grand Avenue, 25th Floor
   Los Angeles, California 90071
5  Telephone: (213) 617-8100
   Fax: (213) 617-7480
6
7  Attorneys for Plaintiff
   County of Los Angeles
8
9               UNITED STATES DISTRICT COURT
10              CENTRAL DISTRICT OF CALIFORNIA
11
12 COUNTY OF LOS ANGELES, a          Case No. CV12-6655-SJO (JCx)
   government agency
13                                   COMPLAINT FOR DAMAGES
              Plaintiff,             AND DECLARATORY RELIEF
14                                   AND DEMAND FOR JURY TRIAL
       v.
15
   TIME WARNER NY CABLE LLC
16 TIME WARNER ENTERTAINMENT
   ADVANCE/NEWHOUSE
17 PARTNERSHIP
   TIME WARNER CABLE LLC
18 TIME WARNER ENTERTAINMENT
   CO. LP,
19
              Defendants.
20
21
22
23
24
25
26
27
28

51072.00005\7483188.2

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF

# COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

1. The County of Los Angeles ("County") seeks recovery of franchise fees and "public, educational and governmental" ("PEG") fees owed to the County by Defendants under County Code Title 16, Div. 6 Sec. 16.88 et seq.; interest or other charges for late payments authorized by law; and a declaration that each of the Defendants is in violation of its obligations under the Digital Infrastructure and Competition Act of 2006 ("DIVCA"), Cal Pub Util Code § 5800 et seq.

## II.

## PARTIES AND JURISDICTION

2. Plaintiff County is one of California's original 27 counties, established on February 18, 1850. It covers an area of approximately 4,084 square miles, and has the largest population of any county in the nation.

3. Each Defendant, or its predecessor in interest, held a cable franchise issued by the County to serve different portions of the County, and each now holds a franchise to provide video services issued by the State of California.

4. Each Defendant does business as Time Warner Cable, and Defendants are referred to individually and collectively as TWC in this Complaint.

5. Time Warner NY Cable LLC ("TWNY") is a Delaware Limited Liability Company with its principal place of business in the State of New York. It has one Common Equity member and four Series A members. The Common Equity Member is TW NY Cable Holding Inc., a Delaware corporation with its principal place of business in the State of New York. The four Series A members, or their members, are all Delaware corporations or partnerships with principal places of business in either the State of New York or State of North Carolina.

6. Time Warner Cable LLC is a Delaware Limited Liability Company with its principal place of business in the State of New York. Its sole member is Time Warner Cable Inc., a Delaware corporation with its principal place of business in New York.

7.     Time Warner Entertainment Co. LP ("TWE") is a Delaware Limited Partnership, with its principal place of business in the State of New York. Its general partners are Time Warner Cable LLC (described in Paragraph 6, above), and TWE GP Holdings LLC, a Delaware Limited Liability Company with its principal place of business in New York. TWE GP Holdings LLC is wholly owned by TWNY (described in Paragraph 5, above).

8.     Time Warner Entertainment Advance/Newhouse Partnership is a New York General Partnership, whose principal place of business is New York. Its general partners are TWE (described in Paragraph 7, above), TWNY (described in Paragraph 5, above), and Advance\Newhouse Partnership. Advance\Newhouse Partnership has two general partners, both limited liability companies with principal places of business in New York. Each of the general partners has a sole member, for one, Newhouse Broadcasting Corp., a New York corporation with principal place of business in New York, and the other Newark Morning Ledger Co, a New Jersey Corporation with a principal place of business in the State of New Jersey.

9.     None of Defendants, or their members direct or indirect, are or were at any relevant time, citizens of, or with their principal place of business in the State of California.

10.    This is a civil action for damages and declaratory relief involving TWC's underpayments of franchise and PEG fees owed to the County. The underpayments are in excess of Seventy-Five Thousand Dollars ($75,000). Every issue of law and fact in this action is wholly between citizens of different states.

11.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1332.

## II.

## VENUE

12. Venue in this district is proper under 28 U.S.C. Sec. 1391(b), inter alia because the acts and omissions giving rise to the claim occurred in this district.

## III.

## GENERAL ALLEGATIONS

13. Prior to 2007, cable franchises in California were issued by local governments, and the County of Los Angeles was the cable franchising authority for unincorporated portions of the County. (Cal Gov. Code § 53066(a))

14. TWC, or its predecessors, held 21 franchises issued by the County. Those franchises required TWC to, among other things, pay a franchise fee to the County. Through the franchises, and through other agreements, TWC also promised to provide, operate and maintain certain facilities, equipment and channels for PEG use.

15. PEG requirements in the Los Angeles County (like PEG requirements elsewhere), permitted members of the public, non-profit groups, schools and the County itself to produce and disseminate information to subscribers via their respective "PEG" channels.

16. Federal law permits a franchising authority to require an operator to designate channels for PEG use, and further provides that a franchising authority may "enforce any provisions of the franchise for services, facilities or equipment" which relate to PEG use. 47 U.S.C. Sec. 531(a), (c); see also 47 U.S.C. Sec. 544(b)(2) (locality may establish and enforce requirements in a franchise for facilities or equipment).

17. In 2006, California enacted DIVCA, codified at Cal. Pub. Util. Code § 5800 et seq.. Under DIVCA, incumbent cable operators transitioned from locally-issued cable franchises to State-issued video service provider franchises.

18. TWC obtained state video franchises under DIVCA that became

1  effective on or about January 2, 2008.

2  19. Under DIVCA, TWC (and other incumbents) were required to honor PEG requirements in connection with their prior local franchises (such as TWC's duty to provide and provide PEG studios and equipment) at least until January 1, 2009. (Cal. Pub. Util. Code § 5870, subd. (k).)

3  20. In addition, DIVCA authorized each locality to charge any video franchise holder within its boundaries a franchise fee of up to five percent of gross revenues as defined in State law (the "state franchise fee"). (Cal. Pub. Util. Code § 5840, subd. (q).)

4  21. DIVCA provides that the state franchise fee "shall be remitted to the applicable local entity quarterly, within 45 days after the end of the quarter for that calendar quarter. Each payment shall be accompanied by a summary explaining the basis for the calculation of the state franchise fee. If the holder does not pay the franchise fee when due, the holder shall pay a late payment charge at a rate per year equal to the highest prime lending rate during the period of delinquency, plus 1 percent. If the holder has overpaid the franchise fee, it may deduct the overpayment from its next quarterly payment." (Cal. Pub. Util. Code § 5840, subd. (h).)

5  22. DIVCA also addressed PEG use of state-franchised systems. In addition to requiring state franchisees to provide PEG channels, DIVCA permits each local government to require any video service provider operating within its jurisdiction to pay a PEG fee of up to three percent of gross revenues. PEG payments are due quarterly, at the same time as franchise fees. (Cal. Pub. Util. Code § 5870, subd. (n).)

6  23. In 2007, the County amended Title 16 of the Los Angeles County Code to add Chapter 16.90. Chapter 16.90 requires each state-franchised video service provider to pay the 5% state franchise fee, and a 1% state PEG fee. Section 16.90.050 provides that if a provider is late paying the PEG fee or the franchise fee, it must pay a late charge on the underpayment, in an amount equal to the highest

prime lending rate during the period of delinquency, plus one percent (1%).

24. For 18 of its 21 franchises, TWC refused to pay the PEG fee owed for 2008, because it contended that during any year where an incumbent provider was subject to any grandfathered PEG obligations, the provider was not required to pay the PEG fee.

25. The unpaid state PEG fees owed to the County for 2008 (not including late charges/interest) totaled $695,571.90.

26. By letter dated May 12, 2011, TWC submitted a payment to the County in the amount of $694,258.00, which it identified as the PEG fee owed for 2008.

27. TWC underpaid the PEG fee owed by the amount of $1,313.90, plus the additional charges for late payments owed under County Code Section 16.90.050.

28. In addition, at the same time it paid the 2008 PEG fee in the amount specified above, TWC submitted a state franchise fee payment for the first quarter of 2011. The franchise fee owed the County for that quarter was $837,304.

29. TWC remitted $143,046 as payment of the franchise fee for the first quarter of 2011, thus reducing the state franchise fee it owed the County for that period by $694,258.00 (the amount of the 2008 PEG payment).

30. The reduction was not authorized.

31. The County has demanded that TWC pay it the $694,258 it owes in franchise fees, plus the underpayment of 2008 PEG fees, and other monies owed as late charges/interest.

32. The parties entered into a series of tolling agreements to extend any applicable statutes of repose in an effort to settle the payment dispute, but have been unable to resolve their disputes.

33. TWC refuses to make the payments demanded by the County.

## IV.

## FIRST CLAIM FOR RELIEF

### (Violation of Los Angeles County Code)

34. Paragraphs 1 through 33 are incorporated as if set forth herein.

35. TWC is and has been obligated to make the state franchise fee payments required by Chapter 16.90 of the County Code since the effective date of its state video franchise.

36. Through the acts and omissions described above, TWC has failed to pay the franchise fees owed under the County Code.

37. TWC is and has been obligated to make the state-authorized PEG payments required by Chapter 16.90 of the County Code since the effective date of its state video franchise.

38. Through the acts and omissions described above, TWC has failed to pay the state-authorized PEG fee owed under the County Code.

39. TWC is and has been obligated to pay additional amounts for late payments under Chapter 16.90 of the County Code, or as a matter of law.

40. Through the acts and omissions described above, TWC has failed to pay amounts owed under the County Code or applicable law for late payments.

41. The County has been harmed by these acts and omissions, in the amount of the underpayments, plus applicable charges/interest for late payments.

## V.

## SECOND CLAIM FOR RELIEF

### (Violation of DIVCA)

42. Paragraphs 1 through 33 are incorporated as if set forth herein.

43. DIVCA permits the holder of a video service franchise to reduce its state franchise fee payments in only one circumstance: "[i]f the holder has overpaid the [state] franchise fee, it may deduct the overpayment from its next quarterly payment." (Cal. Pub. Util. Code § 5840, subd. (h).)

51072.00005\7483188.2                             - 6 -                    COMPLAINT FOR DAMAGES AND
                                                                              DECLARATORY RELIEF

44.     TWC's offset of PEG amounts against state franchise fees does not constitute a deduction authorized by subdivision (h) of Section 5840 of the California Public Utilities Code.

45.     Aside from the deductions authorized by subdivision (h) of Section 5840 of the California Public Utilities Code, DIVCA requires a provider to make the state franchise fee payment as required by DIVCA.  As a condition of receiving and maintaining its franchise, the provider must attest, and TWC did attest, that it would pay the state franchise fee and pay the state PEG fee provided for under DIVCA.

46.     No other provision of DIVCA, or of federal law, permits a franchisee to unilaterally offset PEG amounts against franchise or PEG fees owed to a local entity.

47.     DIVCA provides TWC a remedy if it believed it was not required to pay or undertake a particular PEG obligation.

48.     The acts and omissions of TWC in initially failing to pay the 2008 PEG fee, and in reducing the first quarter 2011 franchise fee by the amount of the 2008 PEG fee are violations of DIVCA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court to provide the following relief:

1.     An order declaring the Defendants in violation of Chapter 16.90 of Los Angeles County Code

2.     An order directing the Defendants to pay amounts owed to the County under County Code Chapter 16.90, including late fees and other charges provided for under law;

3.     An order declaring that Defendants offset of PEG amounts owed against franchise fees violated DIVCA;

1    4.    Costs and attorneys fees as permitted by law; and
2    5.    Such other relief as the court may find appropriate.

Respectfully submitted,

Dated: August 1, 2012     BEST BEST & KRIEGER LLP

By: _/s/_
JOSEPH VAN EATON
CHRISTOPHER M. PISANO
Attorneys for Plaintiff
County of Los Angeles

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: August 1, 2012

BEST BEST & KRIEGER LLP

By: *[signature]*
JOSEPH VAN EATON
CHRISTOPHER M. PISANO
Attorneys for Plaintiff
County of Los Angeles

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

### CV12- 6655 SJO (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
COUNTY OF LOS ANGELES

**DEFENDANTS**
TIME WARNER NY CABLE LLC, et al.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
BEST BEST & KRIEGER LLP
300 South Grand Avenue, 25th Floor
Los Angeles, California 90071
Telephone: (213) 617-8100
Fax: (213) 617-7480

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No    ☒ **MONEY DEMANDED IN COMPLAINT: $** 0.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Sec. 1332, Failure to pay franchise fee; diversity jurisdiction

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | | | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Accommodations | | **SOCIAL SECURITY** |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 640 R.R.& Truck | ☐ 863 DIWC/DIWW 405(g) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | **IMMIGRATION** | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

**FOR OFFICE USE ONLY:** Case Number: CV12-6655

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)        CIVIL COVER SHEET        American LegalNet, Inc. www.FormsWorkflow.com        Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☒ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All are in Delaware, except Time Warner Entertainment Advance/Newhouse Partnership which resides in New York | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _/s/ Christopher M. Pisano_  Date August 1, 2012
Christopher M. Pisano

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |